# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LEROY O.,[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 3:18-cv-1478-SI<br><br>**OPINION AND ORDER** |

George J. Wall, Caitlin S. Laumaker, LAW OFFICES OF GEORGE J. WALL, 825 NE 20th Ave., Suite 330, Portland, OR 97232. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

　　　　Leroy O. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Disability

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

**BACKGROUND**

**A. Plaintiff's Application**

Plaintiff filed an application for DIB and Supplemental Security Income ("SSI") on May 19, 2014, alleging disability beginning on May 22, 2014. AR 17, 79. Plaintiff was born in June 1962 and was 52 years old as of the alleged disability onset date. AR 297. He alleged disability due to pinched nerves, hand surgery, depression, anxiety, and hepatitis C. AR 314. The Commissioner denied Plaintiff's application initially and upon reconsideration. AR 17. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* In a decision dated August 16, 2018, the ALJ issued a decision finding Plaintiff was not disabled before June 19, 2017 but became disabled on that date and has continued to be disabled through the date of the decision. AR 17. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see also* 20 C.F.R. § 422.210(a). Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially

dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 404.1520(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 404.1510. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 404.1520(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1521(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is

> not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560(c). If the claimant cannot perform such work, he or she is disabled.

*Id. See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140–41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ performed the sequential analysis as noted above. AR 17-30. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date; additionally, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2015. AR 20. At step two, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease, breathing disorder, affective disorder, and borderline intellectual functioning. *Id*. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the specific impairments listed in the regulations. *Id.*

The ALJ next determined Plaintiff's RFC and found he could perform light work, with the following limitations:

> [H]e is limited to lifting 30 pounds occasionally and 10-15 pounds frequently, occasional pushing and pulling, and walking up to three out of eight hours per workday, with no walking on uneven ground. He is further limited to occasional crawling, no exposure to toxic fumes or gases, and simple, routine tasks consistent with SVP 1-2.

AR 22. At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work. AR 28. The ALJ then noted that on June 19, 2017, Plaintiff's age category changed to an individual of advanced age. *Id.* At step five, the ALJ found that prior to June 19, 2017 there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 28. Specifically, the ALJ found Plaintiff could perform such representative occupations as janitor, bench assembler, and hand packager. AR 29. Accordingly, the ALJ found Plaintiff was not disabled prior to June 19, 2017, but became disabled on that date and has continued to be disabled through the date of the decision. AR 30. The ALJ also noted that Plaintiff's substance use disorder was not a contributing factor material to the determination of disability. *Id.*

## DISCUSSION

Plaintiff seeks review of the determination by the ALJ that Plaintiff was not disabled. He argues that the ALJ erred in making that determination by: (A) improperly evaluating the medical source evidence and (B) failing to find at step three that Plaintiff's impairments or combination of impairments met listing 12.11.

**A. Medical Source Evidence**

Plaintiff first argues that the ALJ erred by rejecting the opinion of examining physician Robert Weniger, Psy.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th

Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). Generally, "a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001). If a treating physician's opinion is supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the record, the treating physician's opinion is given controlling weight. *Id.; see also* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific and legitimate reasons" for discrediting the treating doctor's opinion. *Id.*

In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Orn*, 495 F.3d at 631. As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F. 2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ may reject an examining, non-treating physician's opinion "in favor of a nonexamining, nontreating physician when he gives specific, legitimate reasons for doing so, and those reasons are supported by substantial record evidence." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995), *as amended* (Oct. 23, 1995). Specific, legitimate reasons for rejecting a physician's opinion may

include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1042–43.

Dr. Weniger conducted a neuropsychological exam in June 2014 and diagnosed Plaintiff with anxiety and borderline intellectual functioning with avoiding and self-defeating features. AR 539, 549. Dr. Weniger noted Plaintiff had difficulty sustaining attention and organizing tasks, as well as difficulty learning and applying new information and skills. AR 543-44, 547. He also found Plaintiff must work in an environment with "minimal interpersonal demands." AR 327, 329.

The ALJ gave Dr. Weniger's opinion partial weight. AR 26-27. Although the ALJ incorporated much of Dr. Weniger's opinion into the RFC, he rejected the opinion that Plaintiff must work in an environment with minimal interpersonal demands. AR 27. The ALJ provided legally sufficient reasons for rejecting this portion of Dr. Weniger's opinion.

The ALJ found Dr. Weniger's limitation on interpersonal contact was inconsistent with Plaintiff's activities and testimony. A physician's opinion about a claimant's level of impairment may be rejected when it is unreasonable in light of other evidence in the record. *Morgan v. Comm'r*, 169 F.3d 595, 601 (9th Cir. 1999). Further, a claimant's activities can constitute a legitimate basis for rejecting a medical source's opinion. *Id.* At 601-02. Plaintiff reported that he gets along well with others and regularly uses public transportation. AR 27, 327, 329. Further, Plaintiff's addiction counselor Carol Schaeffer reported that Plaintiff shopped multiple times per week and spent time with others in treatment facilities. AR 27, 350-51. On this record, it was reasonable for the ALJ to infer that Plaintiff did not have significant limitations on his ability to

tolerate interpersonal demands. The ALJ's rejection of Dr. Weniger's limitation on interpersonal demands was supported by substantial evidence and is therefore affirmed. *Morgan*, 169 F.3d at 601-02.

Plaintiff argues that the ALJ failed to consider Dr. Weniger's opinion that he would take longer to learn new tasks, would likely need extra unscheduled breaks during periods of increased distress, would need to work at a slower pace, a low-stress work environment, and frequent and long-term reminders and assistance in order to maintain long-term employment. The Court disagrees. The ALJ considered and referenced Dr. Weniger's treatment notes throughout his opinion. AR 26-28. The ALJ reasonably incorporated Dr. Weniger's opinion into the RFC by limiting Plaintiff to simple, routine tasks in an unskilled work setting. AR 22, 28. Plaintiff has not offered any legal argument as to why this limitation fails to capture the limitations set forth in Dr. Weniger's opinion. The Court finds no harmful error in the ALJ's discussion of the medical evidence.

## B. Listing 12.11

Plaintiff also argues that the ALJ erred because he failed to consider listing 12.11 at step three of the sequential evaluation. Plaintiff asserts that he meets the 12.11 criteria and should have been found disabled at step three.

Effective January 17, 2017, the Agency added listing 12.11 to its listings of Impairments for evaluating claims involving mental disorders. 81 Fed. Reg. 66138-01, 2016 WL 5341732 (Sept. 26, 2016). The regulations provide that listing 12.11 is met when an individual has a neurodevelopmental disorder and meets the following criteria:

    A.    Medical documentation of the requirements of paragraph 1, 2, or 3:

        1.    *One* or both of the following:

     a. Frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks; or

     b. Hyperactive and impulsive behavior (for example, difficulty remaining seated, talking excessively, difficulty waiting, appearing restless, or behaving as if being "driven by a motor").

   2. Significant difficulties learning and using academic skills; or

   3. Recurring motor movement or vocalization.

AND

B. Extreme limitations of one, or marked limitation of two, of the following areas of mental functioning:

   1. Understand, remember, or apply information.

   2. Interact with others.

   3. Concentrate, persist, or maintain pace.

   4. Adapt or manage oneself.

20 C.F.R. pt. 404, Subpt. P, App. 1, 12.11 (emphasis in original; internal citations omitted).

At step three of the sequential evaluation, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or equals a listed impairment. AR 20. Thee ALJ considered Plaintiff's mental impairments, singly and in combination, in light of listings 12.04 and 12.05. AR 21. The ALJ found Plaintiff did not meet the criteria of listing 12.04 paragraph B because Plaintiff has only mild limitations in the area of understanding, remembering, or applying information. *Id.* The paragraph B criteria are identical to the 12.11 B criteria. 20 C.F.R. pt. 404, subpt. P, app 1, 12.04, 12.11. A claimant must meet the criteria of both paragraphs A and B to satisfy a listing. Thus, even if the ALJ had considered listing 12.11, he would have found that Plaintiff does not meet the listing because he does not satisfy the B criteria.

Plaintiff contends that he meets the criteria for listing 12.11. He first argues that he has marked limitations in mental functioning sufficient to meet the paragraph B criteria because he scored in the borderline intellectual functioning range during Dr. Weniger's examination.[2] *See* AR 543-47. In his reply brief Plaintiff argues that his "low [intellectual functioning] scores make it unreasonable and contradictory to the evidence to conclude that [Plaintiff] has anything less than a marked impairment – meaning a serious limitation – in the areas of concentration, persistence, or pace and understanding, remembering, and applying information." ECF no. 17, p. 4. In response to this point, Plaintiff provides no legal argument and cites only the Agency's definition of a marked limitation.

The ALJ declined to endorse marked limitations in two areas of mental functioning based on the longitudinal record. Based on the medical evidence, the ALJ found Plaintiff had only mild limitations in the area of understanding, remembering, or applying information. AR 21. The ALJ noted that Plaintiff was able to follow instructions competently during his mental status evaluation with Dr. Weniger. *Id*. The ALJ also noted that Plaintiff did not report any memory problems and was observed to follow both written and verbal instructions "fairly well." AR 21, 352. On this record, substantial evidence supports the ALJ's conclusion that Plaintiff had only mild limitations in the area of understanding, remembering, or applying information. The ALJ's evaluation of the medical evidence was reasonable.

With respect to Plaintiff's concentration, persistence, or pace, the ALJ found Plaintiff had moderate limitations. AR 21. He noted evidence that Plaintiff gave up on several complex tasks during his evaluation and reported he could not maintain attention for very long. AR 21, 329.

---

[2] A marked limitation is described as when the individual's functioning in a given area independently, appropriately, effectively, and on a sustained basis is seriously limited. 20 C.F.R. pt. 404, Subpt. P, App. 1, 12.00(F)(2)(d).

Plaintiff's energy and stamina, however, were stable throughout cognitive testing and Ms. Schaeffer reported Plaintiff could pay attention for up to an hour. AR 21, 352. Treatment providers at Multnomah County Health Department did not note any abnormalities regarding Plaintiff's attention or concentration. AR 21, 428, 430-31. On this record, the ALJ's findings with respect to Plaintiff's mental limitations were rational and supported by substantial evidence. While Plaintiff presents an alternative interpretation of the evidence, the ALJ's rational conclusion must be upheld. *Burch*, 400 F.3d at 679.

In sum, Plaintiff has failed to show error in the ALJ's step three findings. The ALJ considered listings 12.04 and 12.05 and found that Plaintiff did not satisfy the criteria for either impairment. In the Ninth Circuit, it is unnecessary for the ALJ to state why a claimant failed to satisfy every different section of the listing of impairments. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990). Because Plaintiff did not satisfy the B criteria, he did not meet the requirements for listing 12.11. For these reasons, the ALJ's failure to consider Listing 12.11 was not error. The ALJ's decision is affirmed.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 28th day of August, 2019.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge